In the Matter of the Assignment of ANNIE BAILEY for the Benefit of Creditors.

A return to this court on appeal from an order should consist of certified copies of the notice of appeal, the order appealed from and the papers on which the court below acted, and the case made by the appellant should consist of a copy of this return. A case is defective that contains no certificate or copy of any certificate of the court below.

Where a case instead of a certificate contains this statement "return certified as required by law," *held*, that this could not be accepted as a substitute.

(Submitted May 3, 1881; decided May 13, 1881.)

THIS was an appeal from an order of General Term affirming an order of Special Term which granted an application under the act in relation to assignments for the benefit of creditors (§ 3, chap. 466, Laws of 1847 as amended by chapter 318, Laws of 1878), to remove the assignee of Annie Bailey because of failure to comply with the statute, and because of incompetency and misconduct in office. The case on appeal contained no certificate of the court below, but instead thereof this statement: "return certified as required by law." *Held* as above, but the court state; that as "to reject the papers would impose upon the parties additional delay and expense, we have examined the grounds upon which the appellant relies" and the court found them untenable; that the judge who granted the order had jurisdiction of the subject-matter under said act; that there was evidence to sustain his findings, and they having been approved by the General Term were conclusive here.

*George F. Gardiner* for appellant.

*Albert Roberts* for respondent.

DANFORTH, J., reads for affirmance.
All concur.
Order affirmed.